U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 3 2017

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DISH NETWORK, LLC | CIVIL ACTION NO. 16-0869 |
| VS. | JUDGE DOHERTY |
| WLAJ – TV, LLC | MAGISTRATE JUDGE WHITEHURST |

### MEMORANDUM RULING

Before the Court is the Motion to Seal Document [Doc. 19] filed by defendant WLAJ – TV, LLC ("WLAJ"). In the motion, WLAJ seeks to seal its motion to dismiss, or in the alternative, motion for summary judgment "out of an abundance of caution because [plaintiff DISH] has expressed an interest in maintaining the confidentiality of certain provisions of its expired agreement with Sinclair Broadcasting Group . . ." DISH Network, LLC ("DISH") has filed a Certificate of Non-Opposition [Doc. 21], in which it states it does not oppose the motion. For the following reasons, the motion to seal is GRANTED.

**I.    Procedural Background**

Before this Court addresses the pending motion, it is necessary to review certain procedural issues that have arisen before the Court. This Court previously allowed DISH to file certain portions of its Complaint under seal.[1] The portions under seal reference a Retransmission Agreement ("the Agreement") between DISH and WLAJ, which is argued to be a highly confidential agreement under which DISH secures the right to distribute defendant's programming. DISH had argued the Agreement consists of extremely sensitive, propriety provisions and includes a strict confidentiality

---

[1] *See* Order granting DISH's motion for leave to seal, Doc. 14.

provision. DISH further argued disclosure of the terms of the Agreement would cause substantial harm to DISH, as well as WLAJ and non-party Sinclair Broadcasting Group. Following the Court's decision to seal certain portions of DISH's Complaint, defendant informed this Court that DISH had previously filed and dismissed an action concerning the same subject matter in *DISH Network, LLC v. WLAJ-TV LLC,* Case No. 1:16-CV-502, United States District Court for the Western District of Michigan, Southern Division (the "Michigan Action"). DISH filed two Motions for Leave to File Documents Under Seal in that action and both motions were denied. After the Michigan District Court denied the second motion, DISH voluntarily dismissed the Michigan Action and re-filed the complaint and motion in this Court.

Upon learning that the Michigan district court had denied DISH's motion to seal in essentially the same matter – albeit filed in another court – this Court stated it might reconsider its order allowing certain portions of DISH's Complaint to be filed under seal and ordered the parties to file pocket briefs addressing the propriety of sealing documents under similar circumstances. The Court also ordered DISH to cite to other cases wherein similar retransmission agreements, carriage agreements, or affiliation agreements -- or information derived from such agreement -- were filed under seal during litigation. In response, DISH cited several cases wherein such agreements – or the information contained therein – were allowed to be filed under seal[2] [Doc. 23]. Thus, at the same

---

[2] *See, e.g., DISH Network L.L.C., etc. v. ESPN, Inc., et al.,* 09-cv-06875-JGK-FM (S.D.N.Y. Aug. 4, 2009) (regarding the defendants' motion for summary judgment, court held "the terms of all contracts at issue should be redacted from the publicly filed Opinion and Order," and expressly included within its Order "confidential contracts, both between the parties and between the defendants and third parties."); *Disney Enterprises, Inc., et al. v. DISH Network L.L.C.,* 11-cv-02973-AT-KNF (S.D.N.Y. May 2, 2011) (plaintiff's Amended Complaint refers to Exhibit F, an Agreement between Starz and Buena Vista Pay Television, which is filed under seal (Dkt. 44). The Court had issued a Stipulated Protective Order a month earlier, on May 17, 2011, that "shall constitute the order of the Court authorizing the filing of documents under seal."); *Fox Broadcasting Company, Inc., et. al. v. DISH Network L.L.C., et. al.,* 12-cv-4529 (C.D. Cal. May 24, 2012) (court granted motion to seal DISH's retransmission consent agreement with FOX; on appeal, the Ninth Circuit issued several Orders maintaining that same information under seal );*In re Autohop Litig.,* Case. No. 12-Civ.-4133(LTS)(KNF) (S.D.N.Y. May 24, 2012) (court sealed parties' Agreements,

2

time this Court decides whether permit WLAJ to file its motion under seal, this Court will address its prior decision to allow DISH to file certain portions of its Complaint under seal.

## II. Law and Analysis

Courts have recognized the public has a common law right to inspect and copy judicial records. *Securities and Exchange Commission v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981). However, the public's common law right is not absolute. *Van Waeyenberghe*, 990 F.2d at 848, *citing Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312; *see Belo*, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312. Thus, the common law merely establishes a presumption of public access to judicial records. *Van Waeyenberghe*, 990 F.2d at 848, *citing Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3rd Cir.1988). Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848, *citing Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987).

In exercising its discretion to seal judicial records, a court must balance the public's common law right of access against the interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848,

---

which included retransmission agreement; Second maintained these Agreements under seal);*GOL TV Inc. v. EchoStar Satellite Corp., et. al.*, Case No. 08-cv-02143-PABMJW (D. Colo. Oct. 3, 2008) (court sealed terms and information derived from the Agreement between the parties; the matter was affirmed on appeal to the Tenth Circuit); *Canal Uno TV – Relad, S.A. v. DISH Network L.L.C., et. al.*, Case No. 09-CV-2535-RPM (D. Colo. Oct. 27, 2009) (court sealed citations to and quotations from the parties' Agreement);*Padberg v. DISH Network L.L.C.*, Case No. 11-cv-4035 (W.D. Mo. Jan. 25, 2011) (court granted frequent motions to seal information that arose from DISH's confidential retransmission consent agreement; during an interlocutory appeal, the Eighth Circuit maintained this same information under seal).

3

*citing Nixon*, 435 U.S. at 599, 602, 98 S.Ct. at 1312, 1314 (court must consider "relevant facts and circumstances of the particular case"); *Belo*, 654 F.2d at 434. Because "[t]he decision as to access is one left to the sound discretion of the trial court," *Nixon*, 435 U.S. at 599, 98 S.Ct. at 1312, the Fifth Circuit reviews a district court's decision to seal the settlement agreement for abuse of discretion. *Id.* at 598–600; *Belo*, 654 F.2d at 430–31; *Newman*, 696 F.2d at 803.

Despite the public's "general right to inspect and copy public record," a court may order documents sealed where, on balance, the party's interest in having them sealed outweighs the public's interest in open access to judicial records. *See e.g. Shell Expl. & Prod. Co. v. Robinson*, No. CIV.A. 01-1417, 2001 WL 1490954, at *1 (E.D. La. Nov. 20, 2001) (sealing transcripts of testimony at hearing to protect plaintiff's confidential information); *Nixon*, 435 U.S. at 598. For example, "courts may deny access to judicial records [] where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678; *Nixon*, 435 U.S. at 598. The fact that the parties agreed to keep documents confidential is a factor that supports a sealing order. *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (affirming district court's grant of a motion to seal in part "[i]n light of the parties' agreement to maintain confidentiality"). Courts in this circuit have sealed documents to prevent the disclosure of confidential business information. *See, e.g., Doe v. A Corp.*, 709 F.2d 1043, 1045 (5th Cir. 1983) (noting the district court granted a motion to seal documents "to prevent possible disclosure of confidential information concerning [a company's] affairs"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, No. 3:13-CV-1547-M, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014) (granting a motion to seal an arbitration award in part to protect sensitive business information such as strategic data).

4

1.  **The Court's previous decision to seal portions of the plaintiff's Complaint**

The record shows the Michigan court that denied DISH's motion to seal focused on the public's interest in accessing public record, and concluded DISH "presented nothing to overcome the strong presumption" in favor of such access.[3] However, upon re-consideration of its previous order allowing certain portions of DISH's Complaint, and after having weighed the competing interests of the public's right to access judicial records and the potential harm to the parties and non-parties associated with the Agreement, this Court finds DISH has made the necessary showing. Here, DISH seeks to seal certain substantive terms of the Retransmission Consent Agreement, a document that other courts have concluded is a highly confidential agreement under which DISH secures the right to distribute programming. Other courts have agreed such agreements consist of extremely sensitive, proprietary provisions and often include a strict confidentiality provision. This Court agrees disclosure of the terms of the Agreement could cause substantial harm to DISH, as well as WLAJ and non-party Sinclair Broadcast Group. In this case, this Court concludes the competitive disadvantages that would flow to these parties if the Agreement were made public outweighs the interest of the public, including competitors, of viewing specific provisions in the Agreement. Thus, this Court will not revise or amend the terms of its previous Order permitting the filing of certain portions of the plaintiff's Complaint under seal.

2.  **Motion to Seal Document [Doc. 19]**

Turning now to the pending motion, defendant WLAJ seeks to seal its motion to dismiss, or in the alternative, motion for summary judgment "out of an abundance of caution because [DISH]

---

[3] *See* May 17, 2016 Order, attached as Exhibit "A" to WLAJ's Response to DISH's motion to seal [Doc. 12], at p. 2.

has expressed an interest in maintaining the confidentiality of certain provisions of its expired agreement with Sinclair Broadcasting Group . . ." DISH has filed a Certificate of Non-Opposition, in which it states it does not oppose the motion. Because WLAJ seeks to seal its motion in order to protect the same information that this Court has already deemed sensitive and confidential and subject to seal within the context of the plaintiff's Complaint, and further considering that the motion to seal is unopposed, this Court concludes the motion to seal is appropriate under the circumstances of this case and the motion to seal should be GRANTED.

### III. Conclusion

Thus, for the reasons stated herein.

IT IS ORDERED that the unopposed Motion to Seal Document [Doc. 19] filed by defendant WLAJ – TV, LLC is GRANTED, and WLAJ's motion to dismiss, or alternatively, for summary judgment, shall be filed under seal.

Lafayette, Louisiana, this 3rd day of April, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE